Appendix 41                                    Reaffirmation Agreement not with Credit Union

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH DAKOTA

In re:                           )
                                 )  Bankruptcy Case No. 09-30044
Debra Lynn Hight,                )  Chapter 7
                    Debtor.      )
                                 )  REAFFIRMATION AGREEMENT

**Name of Creditor:**  South Dakota Housing Development Authority (SDHDA) c/o BankWest, Inc., Servicer

### PART A:
### DISCLOSURE STATEMENT, INSTRUCTIONS, AND NOTICE TO DEBTOR

### DISCLOSURE STATEMENT

*Before agreeing to reaffirm a debt, review these important disclosures.*

**Summary of Reaffirmation Agreement**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**Amount Reaffirmed**

The **Amount Reaffirmed** includes the total amount of debt (principal and any accrued interest) you agree to reaffirm by entering into this agreement plus any related fees and costs that have accrued as of the date of this Reaffirmation Disclosure Statement:

|  |  |
|---|---|
| Total Amount of Debt | $ 86,533.77 |
| Total Fees and Costs | $ |
| **Amount Reaffirmed** | $ 86,533.77 |

This is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.

Annual Percentage:            **5.125 %**

**Security Interest in or Lien Against Goods or Property**

Your debt is secured by a security interest that has not been waived in whole or in part or determined to be void by a final order of the Bankruptcy Court as of the date of this Reaffirmation Disclosure Statement.

A security interest or lien in the following goods or property is asserted over some or all of the debt(s) you are reaffirming:

| ITEMS/ TYPES | ORIGINAL AMOUNT OF LOAN |
|---|---|
| Residential Real Estate located at: 1808 Northstar Ave, Pierre, SD | $ 89,725.00 |

**Repayment Schedule**

Your payment schedule will be:

| Number | Amount | Due Date |
|---|---|---|
| 329 monthly principal and interest payments of | $ 488.54 | beginning September 1, 2009 |

**On top of the scheduled principal and interest payment, monthly payments include county property tax and homeowner's insurance premium escrow. Currently the monthly escrow payment is $207.46 for a total monthly payment of $696.00**

## INSTRUCTIONS

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a copy of the completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must sign the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation

agreement, you must complete and sign Part E.

5. The original of this disclosure must be filed with the Bankruptcy Court by you your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your agreement, your reaffirmation agreement becomes effective upon filing with the Bankruptcy Court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of reaffirmation agreement, the Bankruptcy Court must hold a hearing on the reaffirmation agreement. The Bankruptcy Court will notify you of the date and time of the hearing by an order setting hearing. <u>You must attend that hearing and answer any questions the Bankruptcy Judge may have regarding your reaffirmation agreement.</u> Your reaffirmation agreement will not be effective unless the Bankruptcy Court determines it is consistent with your best interests and enters an order approving it. A hearing will not be held and the Bankruptcy Court does not have to approve your reaffirmation agreement if it is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, such as your home.

## NOTICE TO DEBTOR

**Your right to rescind (cancel) your reaffirmation agreement.** You may rescind (cancel) your reaffirmation agreement at any time before the Bankruptcy Court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the Bankruptcy Court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor in writing (*see* Local Bankruptcy Rule 4008-2) that your reaffirmation agreement is rescinded (or canceled).

**What are your obligations if you reaffirm the Debt?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. For example, if you are reaffirming an open-end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. You should only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the secured property if you do not pay the debt or if you default on the debt. If the lien is on an item of personal property that you claim exempt or that the Trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the Bankruptcy Court.

**Note:** When this Reaffirmation Disclosure Statement refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you do not have an attorney helping you, the Bankruptcy Judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B:**
**REAFFIRMATION AGREEMENT**

We agree to reaffirm the debt arising under the credit agreement described below.

**Description of reaffirmation agreement:** Debtors agree to pay BankWest, Inc ("Creditor Servicer") principal of **$86,226.89** and interest at the rate of **5.125 %** per year. Interest will begin to accrue on August 1, 2009. Debtors will make **329 principal and interest** payments of $488.54, for a total of **$160,729.66**. Debtors' first payment will be due on **September 1, 2009**. Debtors' last payment will be due on **January 1, 2037**.

**Description of any changes to the credit agreement made as a part of this reaffirmation agreement:** The amount owed has been reduced to the value of the collateral. The monthly payments have been reduced by $         . The term has been extended         months.

_9-4-09_
Date

_Debra Hight_ (signature)
**Debra L Hight**
1808 Northstar Ave
Pierre, SD 57501

_____
Date

☐ Check this box if either Debtor's address is different than that shown on the petition

Accepted by Creditor:

08/27/2009
Date

*Lisa Jackson*

Lisa Jackson, Loan Operations Administrator
BankWest, Inc.
420 S. Pierre St.
Pierre, SD 57501

## PART C:
## CERTIFICATION BY DEBTOR'S ATTORNEY

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by Debtors; (2) this agreement this agreement does not impose a hardship on Debtors or any of their dependents; and (3) I have fully advised Debtors of the legal effect and consequences of this agreement and any default under this agreement.

9/4/09
Date

*Jamie L. Damon*

Jamie L. Damon
PO Box 1115
Pierre, SD 57501
E-mail:
Telephone: 605.224.6281
Fax:

## PART D:
## DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. We believe this reaffirmation agreement will not impose an undue hardship on us or any of our dependents. We can afford to make the payments on the reaffirmed debt because our monthly income (take home pay plus any other income received) is $ 2714.31 , and our actual current monthly expenses (excluding monthly payments under this reaffirmation agreement but including monthly payments on post-bankruptcy debt and under other reaffirmation agreements) total $ 2017.47 , leaving $ 696.00 to make the agreed payments on this reaffirmed debt.

    ☐ Check this box if the monthly income and/or monthly expenses differ(s) from that shown on Schedules I and/or J and attach a worksheet to explain the difference(s).

2. We received a copy of the Reaffirmation Disclosure Statement in Part A and a copy of the completed and signed reaffirmation agreement.

9/4/09
Date

*Debra Hight*
**Debra L Hight**

_____
Date